UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

EMILY GABOR

    Plaintiff

-v-

SERVE ELECTRIC, LLC,

  – and –

Jacob Clode

    Defendants

Case No. 2:20-cv-11048

**PLAINTIFF'S COMPLAINT
AND JURY DEMAND**

---

Shinn Legal, PLC
Jason M. Shinn (P64453)
Attorney for
3080 Orchard Lake Rd., Suite C
Keego Harbor, MI 48320
jshinn@shinnlegal.com
P: 248-850-2290

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

    Plaintiff, Emily Gabor, (Plaintiff or Ms. Gabor) submits her Complaint and Jury Demand. In support, Ms. Gabor further states:

**OVERVIEW OF THE CLAIMS**

    **1.** This is an action brought against Defendant Serve Electric, LLC and its owner and/or manager, Jacob Clode by Plaintiff Emily Gabor.

2. Ms. Gabor was a long-time employee (about five-years) of the company now known as Serve Electric, LLC. During this time, she received numerous raises and performed her job duties in a satisfactory manner. But that was not enough to save her from unlawful discrimination and violations of her statutory rights.

3. Specifically, she took a scheduled medical leave on January 17, 2020, to have a surgery. The leave was scheduled for about two-weeks. However, Ms. Gabor was forced to seek additional leave and accommodations on January 31, 2020, after her life was threatened by post-surgical complications relating to a blood clot. She made a written request for such leave and accommodation. But in response Defendant Serve Electric, by Jacob Clode, terminated her on or about February 3, 2020.

4. The Lawsuit asserts claims for violations of the anti-interference and anti-retaliation provisions of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; (Counts I and II, respectively) and Michigan's Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1101 *et seq.* (Count III).

**PARTIES, JURISDICTION, VENUE**

5. Plaintiff Ms. Gabor is an individual. She lives in Macomb County, Michigan.

6. Serve Electric, LLC ("Defendant Serve Electric") is a Michigan

limited liability company.

7. Defendant Serve Electric's business operations and where Plaintiff worked and suffered the discrimination that gives rise to this lawsuit is 6475 19 1/2 Mile Rd, Sterling Heights, MI 48314.

8. This Court has jurisdiction under 29 U.S.C. § 2617 and 28 U.S.C. §1331.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they are so related to the federal claims they form part of the same case controversy.

10. Venue is proper in this Court under 28 U.S.C. §1391(a) because the claims asserted arose in Macomb County, Michigan and this is also the principal place of business of Defendant Serve Electric, LLC.

11. The amount in controversy is greater than $75,000.00, exclusive of costs and interest.

## FACTUAL BACKGROUND

12. Plaintiff incorporates by reference and realleges all the preceding allegations.

13. Defendant Serve Electric is an electrical contractor and provides related services throughout Michigan.

14. Upon information and belief, Defendant Jacob Clode is a Michigan resident and he lives and works in Macomb County, Michigan. He is also an owner and/or agent of Defendant Serve Electric, in addition to being its supervisor for the time relevant to the events giving rise to this complaint.

15. At all relevant times, Ms. Gabor was an employee of Defendant Serve Electric within the meaning of the FMLA.

16. Specifically, Ms. Gabor worked for Defendant Serve Electric from about 2015 through February 3, 2020. She worked in a position called sales coordinator.

17. At all relevant times, Defendant Serve Electric engaged in commerce or in an industry or activity affecting commerce.

18. At all relevant times, Defendant Serve Electric employed over 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year and within a 75 mile radius from the location in which Ms. Gabor worked.

19. Defendant Serve Electric qualifies as an "employer" under the FMLA, 29 U.S.C. § 2611(4).

20. Ms. Gabor was an "eligible employee" under the FMLA, 29 U.S.C. § 2611(2), because she had been employed continuously by Defendant Serve Electric

for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

21. Ms. Gabor was entitled to leave under the FMLA, 29 U.S.C. § 2612(1).

22. Ms. Gabor met or exceeded the work performance expectations for Defendant Serve Electric throughout her tenure.

23. In support of the preceding conclusion, Ms. Gabor asserts:

   a. She received numerous pay increases.

   b. As evidenced by the employee personnel file produced by Defendants, shows she was not disciplined while employed by Defendants, including the weeks and months before her February 2020 termination.

   c. Also, shortly before Ms. Gabor was discriminated against by Defendant Serve Electric, she closed on profitable new business opportunities for Defendant Serve Electric.

24. On January 17, 2020, Ms. Gabor underwent a pre-planned foot surgery.

25. Ms. Gabor's manager, Mr. Jacob Clode, confirmed she was approved to be on medical leave for about two-weeks for this surgery. Ms. Gabor reasonably relied upon this confirmation.

26. However, post-surgery complications necessitated heroic medical intervention to save Ms. Gabor's life after a blood clot was discovered.

27. Due to this clot, Ms. Gabor asked in writing for additional time off and provided medical certification confirming the need for work leave through February 16, 2020. This written request for leave and accommodation was made on or about January 31, 2020.

28. Had Defendants not unlawfully discriminated against Ms. Gabor, she would have returned to work on February 17, 2020.

29. Instead, on February 3, 2020, Mr. Clode initially attempted to terminate Ms. Gabor by text/phone call, but then he attempted to confirm the details of the termination in an email. In that email, Mr. Clode wrote "we care about you," but Serve Electric had elected to terminate you. However, Mr. Clode's efforts to email Ms. Gabor proved unsuccessful because he used an incorrect email address.

30. When Mr. Clode finally realized his mistake in using an incorrect email address to terminate Ms. Gabor, he sent her another email on February 13, 2020. This email confirmed she was terminated "effective 2/03/2020."

31. Incredibly, Mr. Clode conditioned the receipt of certain statutory rights and compensation obligations Ms. Gabor was entitled to upon signing an overbroad and oppressive release in favor of Serve Electric. For example, Mr. Clode wrote in his 2/3/2020 email that Ms. Gabor must sign the release before she would receive her "regular paycheck," "insurance coverage via Cobra [sic]," and her personal

belongings. These conditions were further evidence of Defendants' retaliation and discrimination against Ms. Gabor.

32. On February 3, 2020, Defendant Serve Electric terminated Ms. Gabor.

33. The reasons given by Defendant Serve Electric for terminating Ms. Gabor were false and pretextual.

34. In support of this assertion, consider for example that in the five years before Defendants engaged in the unlawful discrimination and termination described herein, Ms. Gabor successfully performed her job duties and Defendant Serve Electric identified no employment deficiencies or other performance issues on the part of Ms. Gabor.

35. Following Defendant Serve Electric's termination of Ms. Gabor, she sought to be unconditionally rehired for the same position and to receive the FMLA leave she was entitled to.

36. Ms. Gabor was eligible for rehire.

37. Defendants considered Ms. Gabor eligible for rehire.

38. Upon information and belief and under F.R.C.P. 11(b)(3), further investigation or discovery will likely show Defendant Serve Electric had considered other individuals in similar positions as Ms. Gabor as eligible for rehire.

39. Defendant Serve Electric refused to unconditionally rehire Ms. Gabor and its refusal was based on unlawful discriminatory reasons or animus.

40. Upon information and belief and under F.R.C.P. 11(b)(3), further investigation or discovery will likely show Defendant Serve Electric hired an individual to replace Ms. Gabor who had not taken FMLA leave and/or was not disabled or was not considered disabled by Defendant Serve Electric.

**COUNT I – VIOLATIONS OF FAMILY MEDICAL LEAVE ACT (INTERFERENCE) AGAINST SERVE ELECTRIC**

41. Plaintiff Emily Gabor incorporates by reference and realleges all the preceding allegations.

42. The FMLA gives an eligible employee "a total of 12 weeks of leave during any 12-month period for . . . a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

43. Employees who return to work within the twelve-week statutory period are entitled to return to their previous position or an equivalent position. Id. § 2614(a)(1).

44. An employee entitled to FMLA leave must be restored to his or her former position or an equivalent position upon completion of leave, and "[t]he taking of leave . . . shall not result in the loss of any employment benefit accrued prior to the

date on which the leave commenced." Id. § 2614(a)(1)-(2).

45. The FMLA prohibits an employer from interfering with an employee's exercise of FMLA rights. 29 U.S.C. § 2615(a)(1).

46. "An employer violates the FMLA when it 'interfere[s] with, restrain[s], or den[ies] the exercise of or the attempt to exercise' FMLA rights." *Demyanovich v. Cadon Plating & Coatings*, L.L.C., 747 F.3d 419, 427 (6th Cir. 2014) (quoting 29 U.S.C. § 2615(a)(1)).

47. To establish a claim for interference with Plaintiff's FMLA rights, Ms. Gabor must prove that: (1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled." *Grace v. USCAR*, 521 F.3d 655, 669 (6th Cir.2008).

48. Defendant Serve Electric in terminating Ms. Gabor interfered with her attempt to exercise her right of entitlement to leave under the FMLA, under 29 U.S.C. § 2615(a). As such, Defendant Serve Electric violated the FMLA.

49. Defendant Serve Electric in terminating Ms. Gabor unlawfully retaliated against her after she exercised her right of entitlement to leave under the FMLA, under 29 U.S.C. § 2615(a). As such, Defendant Serve Electric violated the

FMLA.

50.   The violations in the preceding paragraph by Defendant Serve Electric make it responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

51.   Defendant Serve Electric, in terminating Plaintiff's employment for requesting FMLA, willfully violated the anti-interference provisions of the FMLA, e.g., 29 U.S.C. § 2615.

52.   As a result, Ms. Gabor is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

WHEREFORE, Plaintiff Emily Gabor respectfully demands judgment against Defendant Serve Electric, LLC over $75,000.00 and to be determined at trial for all monies Plaintiff is found entitled to, along with all costs, interest, and attorney fees they have incurred in having to bring and pursue this action, and any further relief determined to be equitable, appropriate, and just

### COUNT II – VIOLATIONS OF FAMILY MEDICAL LEAVE ACT (RETALIATION) AGAINST SERVE ELECTRIC

53.   Plaintiff Emily Gabor incorporates by reference and realleges all the preceding allegations.

54.   The FMLA prohibits an employer from retaliating with an employee's

exercise of FMLA rights. 29 U.S.C. § 2615(a)(2); *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549 , 555-56 (6th Cir. 2006) (quoting *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238 , 244 (6th Cir. 2004)).

55. To establish a prima facie case of FMLA discrimination/retaliation under § 2615(a)(2) , a plaintiff must show that (1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. *Killian*, 454 F.3d at 556 (citing *Arban v. W. Publ'g Corp.*, 345 F.3d 390 , 404 (6th Cir. 2003)).

56. Defendant Serve Electric in wrongfully and unlawfully terminating Ms. Gabor retaliated against her after she exercised her right of entitlement to leave under the FMLA, under 29 U.S.C. § 2615(a). As such, Defendant Serve Electric, in terminating Plaintiff's employment for requesting and taking FMLA leave, willfully violated the anti-retaliation provisions of the FMLA, e.g., 29 U.S.C. § 2615.

57. The violations in the preceding paragraph by Defendant Serve Electric make it responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

58. As a result, Ms. Gabor is entitled to recover her damages, including lost

wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

WHEREFORE, Plaintiff Emily Gabor respectfully demands judgment against Defendant Serve Electric, LLC in an amount over $75,000.00 and to be determined at trial for all monies Plaintiff is found entitled to, along with all costs, interest, and attorney fees they have incurred in having to bring and pursue this action, and any further relief determined to be equitable, appropriate, and just.

### COUNT III – VIOLATIONS OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT AGAINST AGAINST DEFENDANTS SERVE ELECTRIC AND CLODE

59. Plaintiff Emily Gabor incorporates by reference and realleges all the preceding allegations.

60. At all material times, Plaintiff was an employee, and Defendants were employers, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1201 *et seq*.

61. Upon information and belief, Defendant Clode has maintained an ownership interest in Defendant Serve Electric.

62. Upon information and belief, Defendant Clode is also a manager for Defendant Serve Electric.

63. At all material times, Plaintiff performed her job duties in a manner that was satisfactory or better than expected by Defendant Serve Electric and/or Defendant Clode.

64. As stated above, Plaintiff underwent a surgery and she experienced complications, which required further medical treatment. That condition and treatment resulted in Plaintiff requiring certain temporary leave accommodations and/or workplace accommodations had she been allowed to return to work.

65. Ms. Gabor made a written request to Defendants on or about January 31, 2020 about her need for the preceding accommodations.

66. In the alternative, Defendant Serve Electric and/or Defendant Clode believed Plaintiff was disabled and would require workplace accommodations, including after she returned to work.

67. After undergoing surgery and experiencing the surgical complications, Plaintiff communicated on or about January 31, 2020 her condition and need for workplace accommodations in the form of additional time off to Defendant Serve Electric and Defendant Clode.

68. Plaintiff's request for additional time-off was a reasonable workplace accommodation and consistent with her medical doctor's medical treatment restrictions described above.

69. Thereafter, Defendant Serve Electric and Defendant Clode retaliated against Plaintiff because she asked for the workplace accommodations described herein.

70. Also, Plaintiff's requested workplace accommodations were refused and/or ignored by Defendant Serve Electric and Defendant Clode.

71. Additionally, Defendant Clode and/or Defendant Serve Electric refused to engage in any discussion about alternative accommodations or why the requested accommodation for medical leave was not reasonable.

72. Instead, on February 3, 2020, Defendant Serve Electric and Jacob Clode terminated Plaintiff.

73. Upon information and belief, Defendant Serve Electric's policies or practices permit the use of the type or similar accommodations Plaintiff requested.

74. Defendant Serve Electric and Defendant Clode's handling of accommodation issues like those set forth herein shed light on the arbitrary and capricious manner in which it treats its employees in relation to fulfilling its compliance with Michigan employment law like the PDCRA.

75. Plaintiff's injuries and condition constitute a disability, as that term is defined by and within the meaning of the PDCRA, MCL 37.1103(e).

76. At the time of her termination, Plaintiff's condition was unrelated to her ability to perform the duties of her job and was unrelated to her qualifications for employment with Defendant Serve Electric.

77. The actions of Defendant Serve Electric and Defendant Clode described herein constitute discrimination against Plaintiff within the meaning of the PDCRA.

78. Plaintiff objected and otherwise opposed Defendant Clode and Defendant Serve Electric's actions and refusal to accommodate her medical request for reasonable workplace accommodations. In response, Defendant Clode and Defendant Serve Electric retaliated against Plaintiff after she sought to exercise her rights under the PDCRA.

79. A motivating factor for Plaintiff's termination was based on unlawful disability discrimination by Defendant Clode and Defendant Serve Electric. Specifically, Plaintiff's medical condition was a determining factor in their decision to terminate Plaintiff and preclude her from returning to work.

80. The actions of Defendant Clode and Defendant Serve Electric and its other agents, representatives, and employees were intentional and disregarded the rights Michigan affords to workers like Ms. Gabor under the PDCRA.

81. As a direct and proximate result of Defendant Serve Electric's unlawful discrimination, Ms. Gabor has sustained injuries and damages, including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to pursue a gainful occupation of choice.

WHEREFORE, Plaintiff Emily Gabor requests this court enter judgment against Defendant Serve Electric and Defendant Clode as follows:

a. Compensatory damages in whatever amount over $25,000 Plaintiff is entitled.

b. An award of back pay and the value of lost fringe benefits and pension benefits, past and future.

c. Exemplary damages in whatever amount over $25,000 Plaintiff is entitled.

d. An award of interest, costs, and reasonable attorney fees.

e. Any other relief appears appropriate at the time of final judgment

Respectfully submitted,

**Shinn Legal, PLC**

By: _/s/Jason M. Shinn_     Dated: April 28, 2020
Attorney for Plaintiff

## JURY DEMAND

Plaintiff Emily Gabor demands a jury trial on all legal claims and prospective defenses, **except for** all claims based on equity or that intrinsically involve issues of law for the trial judge to decide and, therefore, are properly triable only by the judge assigned to this case.

Respectfully submitted,

**Shinn Legal, PLC**

By: /s/Jason M. Shinn        Dated: April 28, 2020
Attorney for Plaintiff

4843-6251-0779, v. 1